**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

LUIS ROJAS BUSCAGLIA,

   **Plaintiff**

      v.                                    CIVIL NO. 09-2196(JAG)

MICHELE TABURNO VASARELY,

   **Defendant**

**OPINION AND ORDER**

Pending before the Court is Plaintiff Luis Rojas Buscaglia's ("Plaintiff") Request for Provisional Remedies under Fed.R.Civ.P. 64. (Docket No. 29) filed on March 25, 2010. Magistrate Judge Velez-Rive issued a Report and Recommendation on April 22, 2010 that recommended that the Court deny Plaintiff's Motion and order Defendant Michele Taburno Vasarely ("Defendant") to create an inventory of assets. (Docket No. 40). On May 25, 2010, both Plaintiff and Defendant objected to the Report and Recommendation. Dockets No. 44 and 43. Upon <u>de novo</u> review, the Court hereby **ACCEPTS** the Report and Recommendation and **DENIES** Plaintiff's Request, but does not order Defendant to create an inventory of assets.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

---

[1] Taken in part from the Magistrate Judge's Report and Recommendation. (Docket No. 40).

This federal action was initiated upon removal by Defendant of an action filed by Plaintiff in the Court of First Instance, Bayamón Part, on June 29, 2009. Defendant successfully removed the claim to this court according to diversity jurisdiction. The amount in controversy exceeds $75,000.00 and Defendant is a citizen of France, residing in Chicago, Illinois, while Plaintiff is a citizen of Puerto Rico. 28 U.S.C. § 1332.

Defendant answered the Complaint, raised affirmative defenses, and filed a counterclaim against Plaintiff. Docket No. 3.

The Complaint filed by Plaintiff refers to the acquisition of community property with Defendant during the ten (10) year romantic relationship they allegedly sustained. The assets of said community property partnership, including works of art, antique furniture, and bank accounts, totals an estimated forty million dollars ($40,000,000.00). After deciding to end the partnership with Defendant, Plaintiff sought to divide the assets corresponding to the parties' interests.

The counterclaim filed by Defendant alleges that she never entered into a community property partnership with Plaintiff. Defendant claims that all property in dispute belongs solely to Defendant.

Defendant was married to Jean-Pierre Vasarely, also known as "Yvaral" in the art world, from 1969 until his death in 2002. The property under dispute was acquired by Defendant during her

marriage to Yvaral either in exchange for services provided to Yvaral and his father, Victor Vasarely, or were gifts given to Defendant. Docket No. 3.

The Answer to the counterclaim filed by Plaintiff on March 25, 2010 admitted that Defendant was married to Yvaral from 1969 until 2002, when she became a widow. Docket No. 27. Plaintiff admits to some extent paragraph seven (7) of the counterclaim wherein Defendant denies having a romantic relationship with Plaintiff. Plaintiff further admits the parties in controversy to this lawsuit were never married to each other and there is an actual and justifiable controversy as to the declaratory relief sought. Docket No. 27.

Defendant is allegedly transporting the property in dispute and selling it in Illinois. Therefore, Plaintiff filed a Motion Requesting Provisional Remedies to attach property to secure the effectiveness of judgment against Defendant in order to protect the estate, property and assets which allegedly constitute community property between the parties. Docket No. 29.

On April 16, 2010, Defendant filed an opposition to the Request for Provisional Remedies (Docket No. 36). In her opposition, Defendant denies the existence of any community property between the parties and states that an inventory of the items would be subject to discovery in this federal action at a

Civil No. 09-2196 (JAG)                                               4

later stage in the proceedings. Defendant also claims that
Plaintiff's allegation that she is disposing of property under
dispute is unsupported; however, she admits to selling some of her
assets from time to time to sustain her livelihood. Docket No. 26.

The Court referred these motions to the Magistrate Judge for
report and recommendation (Docket No. 37).

On April 22, 2010, Magistrate Judge Velez-Rive filed her
Report and Recommendation (Docket No. 40). The Report and
Recommendation denies Plaintiff's Request for Provisional Remedies
under Fed.R.Civ.P. 64 and orders Defendant to create a detailed
inventory of her assets.

On May 25, 2010, Defendant objected to the Report and
Recommendation on the grounds that it created an undue burden on
Defendant to create an inventory of her assets. Docket No. 43. Also
on May 25, 2010, Plaintiff filed an objection to the Report and
Recommendation requesting a hearing to address the issue of his
request for provisional remedies. Docket No. 44.

**STANDARD OF REVIEW**

**I. Review of Magistrate Judge's Report and Recommendation**

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)
and Local Rule 503, a district court may refer dispositive motions
to a United States magistrate judge for a report and
recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals,

Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely
affected party may "contest the [m]agistrate [j]udge's report and
recommendation by filing objections 'within ten days of being
served' with a copy of the order." United States v. Mercado Pagan,
286 F. Supp. 2d 231, 233 (D.P.R. 2003) (citing 28 U.S.C. §
636(b)(1)). If objections are timely filed, the district judge
shall "make a de novo determination of those portions of the report
or specified findings or recommendation to which [an] objection is
made." Rivera-De-Leon v. Maxon Eng'g Servs., 283 F. Supp. 2d 550,
555 (D.P.R. 2003). A district court can "accept, reject, or modify,
in whole or in part, the findings or recommendations made by the
magistrate." Alamo Rodriguez, 286 F. Supp. 2d at 146 (citing
Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)).
However, if the affected party fails to timely file objections, the
district court can assume that they have agreed to the magistrate
judge's recommendation. Id.

## ANALYSIS

### Request for Provisional Remedies under Fed.R.Civ.P. 64[2]

Plaintiff recognized Defendant was married during the alleged
ten (10) year relationship claimed between Plaintiff and Defendant.
Furthermore, Plaintiff and Defendant never married after Defendant
became a widow in 2002. However, this scenario would not preclude

---

[2] Taken in part from the Magistrate Judge's Report and
Recommendation (Docket No. 40).

per se the establishment of a community of property or any judicial entity in relation to property between the conjugal partnership and a third person. <u>See</u> <u>Reyes v. Merlo</u>, 91 P.R.R. 129, 134-35 (1964). Still, to establish common ownership to the property sought by Plaintiff, under the above factual scenario, Plaintiff would need to establish either an express or implied agreement spontaneously arising from the human and economic relationship between the parties or establish that the common ownership is necessary in the interest of justice to prevent unjust enrichment acknowledging the value of the property, assets or services contributed by Plaintiff and the profits thereof. <u>See</u> <u>Caraballo Ramírez v. Acosta</u>, 104 D.P.R. 474 (1975).

Rule 64 of the Federal Rules of Civil Procedure dictates that provisional remedies are only available under the circumstances and in the manner provided by the law of the state in which the federal court is located. The purpose of a prejudgment attachment is to allow a plaintiff to secure the judgment that could be entered in due time. <u>García v. The Commonwealth Ins. Co.</u>, 118 D.P.R. 380, 18 P.R.Offic.Trans. 454 (1987). In order to secure a prejudgment attachment of Defendant's properties, Plaintiff must demonstrate its probability to prevail on the merits. <u>See</u> <u>Rivera-Rodríguez & Co. v. Stowell-Taylow</u>, 133 D.P.R. 881, 897 (1993). The applicable Puerto Rico law for provisional remedies is found in Rule 56 of the Puerto Rico Code of Civil Procedure.

Rule 56 provides that Plaintiff, in any action, may move, before or after judgment is entered, for provisional attachment of Defendant's property to "secure satisfaction of the judgment." 32 L.P.R.A. pp. III R. 56.1. The validity of such an attachment depends on the validity of the plaintiff's claim against the defendant-attachee. If the court determined that the plaintiff's claim against the defendant has no merit, it follows that there is no right to the defendant's property, and that the attachment was unwarranted. The plaintiff then may be liable to the defendant for the damages caused by the attachment. García-Guzmán v. Villoldo, 273 F.3d 1, 6 (1ˢᵗ Cir. 2001).

The Magistrate Judge found insufficient evidence in the sworn statements as to the complaint and the counterclaim and the answers submitted as to these pleadings to find in favor of Plaintiff. However, the Magistrate Judge said that if Plaintiff objects to her conclusion, the Magistrate Judge will entertain a hearing in the nature of an injunctive relief to further promote Plaintiff's request for provisional remedies if Plaintiff submits a supplemental motion within the preliminary injunction standards that would warrant such a hearing.[3]

---

[3]The preliminary injunction standard warrants the court to consider whether: (1) the applicant has demonstrated a likelihood of success on the merits; (2) the applicant will be irreparably harmed absent injunctive relief that goes beyond an economic and measurable injury; (3) the balance of relevant positions, to include if issuance of the injunction will injure other parties; (4) whether the public interest lies. Acevedo-García v. Vera-

Plaintiff objected to the Report and Recommendation on the grounds that the Magistrate Judge did not hold a hearing and further requests a simple evidentiary hearing to provide the Court with admissible evidence to establish the basis for common ownership of the property that needs to be divided and the contribution of Plaintiff to the value of that property. Docket No. 44. Plaintiff states that holding him to a standard for a preliminary injunction is too burdensome at this point.

A hearing is not required when a plaintiff requests provisional remedies and there is "insufficient information in the motion to indicate that the requested pre-judgment attachment might be necessary to secure satisfaction of an anticipated judgment." Estate of Roberto Hevia v. Portrio Corp., et al., 497 F. Supp. 2d 312, 314 (2007). In his motion, Plaintiff gives no reason at all to enjoin Defendant from disposing of any property. Docket No. 29. He merely provides a list of requests with no substantive reasoning behind them. Without more information, the Court must adopt the Magistrate Judges Recommendation that the request for provisional remedies is denied and that a hearing is not necessary.

Plaintiff further objects to the Report and Recommendation's order for Defendant to prepare and submit an inventory of assets

---

Monroig, 296 F.3d 13, 17 (1st Cir. 2002). Plaintiff would bear the burden of establishing that these four factors weigh in his favor. Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

and/or goods with their estimated value. Plaintiff requests to participate in the inventories ordered by the Magistrate Judge, that the Court oversee such inventory, and that a deadline be set for the submission of the inventory. Plaintiff's requests are hereby denied. Allowing Plaintiff to participate in the inventory could potentially cause undue hardship on the Defendant without good cause and the Court will not allocate the resources towards overseeing the inventory at this time. For reasons set forth below, Plaintiff's third request is also denied.

Defendant objected to the submission of an inventory on grounds that it is an undue hardship and not specific enough to be completed. The Court agrees that the parameters of the inventory are too broad and would create an undue burden on Defendant at this stage of the case. Plaintiff has not given the Court enough evidence to show he is likely to be successful on the merits.

The Report and Recommendation orders Defendant to submit "an inventory of assets and/or goods with their estimated value and location up to the amount and time frame claimed in the complaint early in the discovery process." Although such an inventory could be useful for discovery purposes in coming to an ultimate resolution of this claim, this is a matter for the parties to handle on their own during the discovery process. According to Local Rule of this Court 26(b), the parties must make a "reasonable and good faith effort to reach an agreement" before the Court will

consider settling a discovery dispute.  Because there is still time for the parties to handle discovery on their own, the Court will not order an inventory at this time.

**CONCLUSION**

For the reasons set forth above, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation and consequently **DENIES** Plaintiff's Request for Provisional Remedies.


IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of July, 2010.


                                S/Jay A. García-Gregory
                                JAY A. GARCIA-GREGORY
                                United States District Judge