IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS ROJAS-BUSCAGLIA,

    **Plaintiff**

       **v.**

MICHELE TABURNO, a/k/a
MICHELE VASARHELYI, a/k/a
MICHELE VASARELY,

    **Defendant**

**CIVIL NO.** 09-2196 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the court is Defendant Michele Vasarely's Motion for Change of Venue, wherein she requests the court to transfer the present case to the Federal District Court for the Northern District of Illinois. (Docket No. 24). For the reasons discussed below, the Court **DENIES** the Motion.

## FACTS

The present case is one component of a larger controversy that involves several separate lawsuits. Vasarely accumulated a great deal of art and other belongings following the death of her husband Jean-Pierre Vasarely, also known in the art community as Yvaral ("Yvaral").[1] (Civil Case No. 10-1199 (MEL), Docket No. 1). Prior

---

[1]Some quantum of this personal property is likely also to be the subject of a French court decision which deemed Yvaral's son to be Yvaral's sole heir, requiring Vasarely to turn over Yvaral's estate to his son. 2009 WL 2973069, at *1 (N.D. Ill.

to his death, Vasarely and Yvaral became friends with Luis Rojas-Buscaglia ("Rojas"). (Docket No. 3). Rojas alleges, and Vasarely denies, that the two shared a romantic relationship for ten years. (Docket No. 10). It is during the course of this alleged relationship that Rojas and Vasarely jointly accumulated as community property what Rojas purports to be $40 million in real and personal property. Id. On June 26, 2009, Rojas filed a Complaint in the Puerto Rico Court of First Instance, Bayamón Part, requesting a division of this community property. (Docket No. 1 Attach. 2). Vasarely was served in that suit on November 2, 2009, (Docket No. 10), and removed the case to federal court on November 25, 2009, (Docket No. 1). On March 19, 2010, Vasarely filed the present Motion for Change of Venue. (Docket No. 24).

Meanwhile, on September 29, 2009, Vasarely initiated two suits in the Northern District of Illinois. The first suit was against Rojas's brother Hector Rojas ("Hector"), claiming that Rojas and Hector fraudulently put the title to real property in Hector's name instead of hers. 2009 WL 3268411. After a failed motion for change of venue, the case properly remains in Illinois, where the real property at issue is located. Id. The second suit is against Rojas and Lourdimar Martinez Nadal, who is currently living with Rojas, also regarding real property in Illinois. (Docket No. 10, 24).

_____

Sept. 10, 2009). There is currently a suit pending in the Northern District of Illinois to enforce that judgment. Id.

Case No. 09-2196 (JAG)                                                3

Vasarely initiated a third case in the Northern District of Illinois on October 6, 2009, against Dr. Fernando Zalduondo ("Zalduondo"), with Vasarely claiming that Rojas gave Zalduondo art belonging to Vasarely without her knowledge or permission. (See Civil Case No. 10-1199 (MEL) Docket No. 1). Rojas is not a party to that case. Id. Vasarely then filed a motion to transfer the case to the District of Puerto Rico. (Civil Case No. 10-1199 (MEL) Docket No. 33). That motion was granted, and the case is now pending in Puerto Rico. (Civil Case No. 10-1199 (MEL), Docket No. 46).

Rojas asserts that all three of the lawsuits Vasarely initiated in Illinois deal with the issue of division of their community property. (Docket No. 28). While the real property in controversy is located in Illinois, the personal property is located in both Illinois and Puerto Rico. Id. It is against this backdrop, with at least one case expected to stay in Illinois and one case expected to stay in Puerto Rico, that Vasarely moves to transfer the present case to Illinois. (Docket No. 24).

## DISCUSSION

I. TRANSFER OF VENUE STANDARD

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where it may have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); see Coady v. Ashcraft & Gerel, 223

Case No. 09-2196 (JAG)                                                4

F.3d 1, 11 (1st Cir. 2000). "Section 1404(a) is intended to place
discretion in the District Court to adjudicate motions for transfer
according to an 'individualized, case-by-case consideration of
convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487
U.S. 22, 29 (1988) (citing Van Dusen v. Barrack, 376 U.S. 612, 622
(1964)). A determination of venue under § 1404(a) lies in the sound
discretion of the district court. See Cianbro Corp. v. Curran-
Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987). The Supreme Court has
set forth some of the private interests of litigants that must be
considered, such as "the relative ease of access to sources of
proof; availability of compulsory process for attendance of
unwilling, and the cost of obtaining attendance of willing
witnesses; possibility of view of premises . . . ; and all other
practical problems that make trial of a case easy, expeditious and
inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)
(superseded by statute on other grounds). Several public interest
factors that should be considered include: the administrative
difficulties that follow for courts when litigation is piled up in
congested centers instead of being handled at its origin; that jury
duty is a burden that ought not to be imposed upon the people of a
community which has no relation to the litigation; and that there
is a local interest in having localized controversies decided at
home. Id. at 508-09. It is important to note that this list of
factors merely suggests the range of relevant considerations and is

Case No. 09-2196 (JAG)                                                  5

not exhaustive. <u>Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda.</u>, 906 F.2d 45, 52 (1st Cir. 1990).

It is well established that "a plaintiff's choice of forum should rarely be disturbed." <u>See</u> <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 241 (1981); <u>United States v. Swiss Am. Bank, Ltd.</u>, 274 F.3d 610, 635 (1st Cir. 2001). This is especially true when the Plaintiff sues in his own home district. <u>Nowak v. Tak How Invs.</u>, 94 F.3d 708, 720 (1st Cir. 1996). The burden of proof rests with the party seeking transfer as there is a strong presumption in favor of the plaintiff's choice of forum. <u>See</u> <u>Coady</u>, 223 F.3d at 11 (citing <u>Gulf Oil</u>, 330 U.S. at 508).


II. <u>CONVENIENCE OF THE PARTIES</u>

Vasarely suggests that it would be more convenient to litigate this suit in Illinois because she is a senior citizen with a serious health problem, making travel difficult. (Docket No. 24). Vasarely submits a doctor's note from June, 26, 2002, that describes this problem as "chronic," and stating that such "patients find themselves confined to their homes" periodically, although the doctor declined to include whether Vasarely herself experienced such periodic confinement. (Docket No. 25 Attach. 1). Notwithstanding her reluctance to travel to Puerto Rico, Vasarely moved successfully to transfer a related case from Illinois to Puerto Rico. This behavior is inconsistent with a finding that

Case No. 09-2196 (JAG)                                      6

Vasarely is disproportionately inconvenienced by attending proceedings in Puerto Rico.


III. <u>CONVENIENCE OF WITNESSES</u>

     The convenience of witnesses is "probably the most important factor." <u>Sousa v. TD Banknorth Ins. Agency</u>, 429 F. Supp. 2d 454, 457 (D.N.H. 2006) (citing <u>Fairview Mach. & Tool Co. v. Oakbrook Int'l, Inc.</u>, 56 F. Supp. 2d 134, 141 (D. Mass. 1999)). Of paramount importance is,

> the nature or materiality of the testimony of prospective witnesses; it is not sufficient merely to state the number of witnesses who will be inconvenienced or to list their names and addresses, but rather the movant must show the nature, substance, or materiality of the testimony to be offered by the prospective witnesses or must state generally what is expected to be proved by those witnesses.

<u>Myers v. Pan Am. World Airways, Inc.</u>, 388 F. Supp. 1024, 1025 (D.P.R. 1974) (internal citations omitted).

     Vasarely has an extensive list of potential witnesses, the most relevant of which seem to span the United States mainland as well as France. (Docket No. 24 Attach. 1). It would appear that her Chicago-based witnesses would be inconvenienced by a trial that takes place in Puerto Rico rather than their own backyard, but the issue of inconvenience is less convincing in the context of many of

Case No. 09-2196 (JAG)                                          7

her other witnesses. To her credit, Vasarely does detail where her witnesses will be coming from, and what they will add to the trial. Id. Rojas, by contrast, has named only a few of his potential witnesses. (Docket No. 22). He does not specify where they live, though he suggests that most of them are residents of Puerto Rico. Id.

Vasarely retains the burden of establishing that a transfer will benefit "the witnesses." This presupposes more than shifting the inconvenience from her own witnesses to Rojas's witnesses; Vasarely has to show that transfer will effectuate a net reduction in inconvenience. See Atl. Richfield Co. v. Stearns-Roger, Inc., 379 F. Supp. 869, 871 (D.C. Pa. 1974) (where merely shifting the inconvenience from one party's witnesses to the other's did not satisfy this burden). While Vasarely may have made a nominally stronger argument in regards to witness convenience, her case is not strong enough to countervail the presumption in favor of the plaintiff's venue of choice.

IV. THE "FIRST FILED" RULE AND THE POSSIBILITY OF DUPLICATIVE LITIGATION OR CONSOLIDATING CASES

While conservation of judicial and party resources is a valid concern, and consolidating related cases would stand to reduce the time and energy spent on these issues, the current assortment of controversies does not lend itself to tidy consolidation.

Case No. 09-2196 (JAG)                                              8

Regardless of the disposition of the current Motion, both parties will find themselves litigating related cases in both venues. Furthermore, in the event that two cases overlap, the forum of the suit filed first takes precedence. See Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 737 (1st Cir. 1977). In light of the posture of the cases related to the present case, there is no compelling reason to transfer Rojas's case to Illinois, as it was the first of all four relevant suits to have been filed.


                              **CONCLUSION**

        Because Vasarely has failed to show that transferring this case would avoid a meaningful level of inconvenience for witnesses at trial, that she has a substantial enough interest in transferring to overcome the Plaintiff's interest in his chosen venue, or that sufficient judicial resources will be conserved through consolidation of cases, her Motion for Change of Venue fails to overcome the strong presumption in favor of Rojas's decision to litigate in his home district of Puerto Rico. The Motion is hereby **DENIED.**

        IT IS SO ORDERED.

        In San Juan, Puerto Rico, this 18th day of August, 2010.


                              S/Jay A. Garcia-Gregory
                              JAY A. GARCIA-GREGORY
                              United States District Judge

Case No. 09-2196 (JAG)                                          9